IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR471 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **BRIEF IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS.** |
| DELROY FISCHER, | ) ) | |
| Defendant. | ) | |

The Defendant has filed a motion to dismiss the Indictment herein because the predicate conviction relied upon by the government is not sufficient to support a charge under 18 U.S.C. § 922(g)(9). Specifically, the Defendant's conviction for attempted assault in the third degree under Neb. Rev. Stat. § 28-310 could have been predicated upon an attempt to threaten someone in a menacing manner. Attempting to threaten someone in a menacing manner does not constitute the use, or attempted use of physical force, or the threatened use of a deadly weapon. Therefore, the Indictment must be dismissed.

### Exhibits

The following exhibits will be submitted with this brief:

1. Copy of State complaint in State of Nebraska v. Delroy Fischer, CR06-15, filed in the County Court of Buffalo County Nebraska.

2. Copy of Affidavit in Support of Arrest Warrant filed in the County Court of Buffalo County, Nebraska.

3. Transcript of the plea hearing in State of Nebraska v. Delroy Fischer, CR06-15, before the County Court of Buffalo County, Nebraska. References to this exhibit are identified with a "T" followed by the page and line number.

**Facts**

On January 5, 2006, Delroy Fischer was charged in the Buffalo County Court, Buffalo County, Nebraska with assault in the third degree domestic under Neb. Rev. Stat. § 28-323. Specifically, the Complaint charged that Fischer "unlawfully, did then and there being, intentionally and knowingly cause bodily injury to or place, by physical menace, his intimate partner, Lisa Kennedy, in fear of imminent bodily injury." (Ex. 1)  On February 16, 2006, Fischer appeared before Buffalo County Court Judge Gerald Jorgensen and entered a no contest plea to an amended charge of attempted assault in the third degree under Neb. Rev. Stat. § 28-310.  That statute reads as follows:

>  (1) a person commits the offense of assault in the third degree if he:
>
>> (a) intentionally, knowingly, or recklessly causes bodily injury to another person; or
>>
>> (b) threatens another in a menacing manner.

Neb. Rev. Stat. § 28-310.

The record of the plea agreement is irregular.  Fischer's attorney advised the court that the defendant was going to enter a no contest plea to an amended charge of attempted third degree assault with no domestic allegation. (T. 5:13-15) The Complaint was amended instanter by interlineation to reflect a new charge of attempted assault in the third degree, Neb. Rev. Stat. § 28-310.  However, the body of the Complaint was only partially amended. The partial amendment did not fully reflect the parties' plea agreement.  This is because the court failed to strike the following language: "[to] or place, by physical menace, his intimate partner, Lisa Kennedy, in fear of imminent bodily injury."  While similar, this language is

different than that found in Neb. Rev. Stat. § 28-310(b). The court continued the error when advising Fischer of the amended charge. (T. 6:5-12)

Towards the end of the plea colloquy, Fischer's attorney advised the court that it could take notice of the arrest warrant affidavit for the purposes of establishing a factual basis. (Ex. 2) The court took notice of the affidavit without reading any of the affidavit to Fischer and without asking Fischer whether to confirm either the stipulation or the facts contained in the affidavit. (T. 9:4-13)

## Argument

**Fischer's conviction for attempted assault in the third degree is not a valid predicate offense to support a charge under 18 U.S.C. § 922(g)(9).**

Fischer's conviction is not a valid predicate because a person can be found guilty of attempted third degree assault under Neb. Rev. Stat. § 28-310(b) without using or attempting to use physical force and without threatening use of a deadly weapon. Under subsection (b) of that statute, a person could be found guilty for threatening someone in a menacing manner.

Where the offense charged in a state Complaint is broader than the definition of a "misdemeanor crime of domestic violence," the court is allowed to hold an enquiry to determine whether the defendant's prior plea necessarily admitted to a "misdemeanor crime of domestic violence." A court's enquiry is "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 125 S. Ct. 1254, 1263 (2005).

The Complaint in this case shows that the charges were amended to an attempted assault in the third degree under Neb. Rev. Stat. § 28-310. The Complaint did not narrow the focus of the charges to either subsection (a) or (b) of that statute; therefore, the complaint should be construed as charging both subsection (a) and (b).

The plea colloquy shows that it was the defendant's express intent to plead "no contest" to an amended charge of attempted assault in the third degree under Neb. Rev. Stat. § 28-310. In fact, the defense attorney made it clear to the court that the defendant was not pleading guilty to a "misdemeanor crime of domestic violence." (T. 5:13-15). Additionally, a plea of "no contest" puts the court on notice that the defendant is not admitting guilt and not admitting to any purported factual basis. At no time during the colloquy is the defendant asked to confirm or accept the factual basis for a plea. Therefore, the court cannot expand its enquiry to include review of the arrest warrant affidavit and the court must dismiss the Indictment.

The parties plea agreement definitively shows that the defendant did not plead to a "misdemeanor crime of domestic violence." The defendant's plea agreement called for him to enter a "no-contest" plea to attempted third degree assault with the express agreement that it would not contain any allegations regarding domestic assault. (T.5:13-15) The Court accepted this plea agreement. The fact that the Court inaccurately advised the defendant of Neb. Rev. Stats. §28-310's elements is inconsequential.

Fischer's January 5, 2006 conviction for attempted third degree assault is not a "misdemeanor crime of domestic violence," and therefore, the Indictment should be dismissed.

DATED this 3rd day of March, 2009.

            Respectfully submitted,

            DELROY FISCHER, Defendant,

            By **s/ Michael F. Maloney**
              **Michael F. Maloney: 19085**
              Attorney for Defendant
              ASSISTANT FEDERAL PUBLIC DEFENDER
              222 South 15th Street, #300N
              Omaha, NE 68102
              Telephone: (402) 221-7896
              Fax: (402) 221-7884
              E-Mail: mike_maloney@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2009, I electronically filed the foregoing with the Clerk of Court, using the ECM/ECF system, which sent notification of such filing to the following: Sandra L. Denton, Assistant U.S. Attorney.

              s/ Michael F. Maloney