IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:08CR471 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| DELROY FISCHER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's objections, Filing No. 41, to the report and recommendation ("R&R") of the magistrate judge, Filing Nos. 37 (report) and 40 (oral findings on the record), denying the defendant's motion to dismiss, Filing No. 23. The defendant is charged in Count I of the Superseding Indictment with being a felon in possession of a firearm, having previously committed "a misdemeanor crime of domestic violence, to wit: Attempted Assault in the Third Degree, a violation of § 28-310 and § 28-323 of the Revised Statutes of Nebraska," in violation of 18 U.S.C. § 922(g)(9) and 924(a)(2), and in Count II with forfeiture of the weapon referred to in Count I in violation of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Filing No. 29, Superseding Indictment. Specifically, defendant objects to the findings of the magistrate judge that the defendant's conviction for attempted third-degree assault meets the definition of a misdemeanor crime of domestic violence under 18 U.S.C. § 921 (a)(33)(A)(I).[1] As hereinafter discussed,

---

[1] Section 33(A) states:

Except as provided in subparagraph (C), the term "misdemeanor crime of domestic violence" means an offense that--

(i) is a misdemeanor under Federal, State, or Tribal law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim,

defendant argues that his conviction for attempted assault under Neb. Rev. Stat. § 28-310 could have been based on an attempt to threaten someone under § 28-310(b) which he argues does not meet the definition of misdemeanor crime of domestic violence.  Thus, argues the defendant, the court should dismiss the indictment.

Under 28 U.S.C. § 636(b)(1), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003).  The court has conducted a de novo review of the record, including the transcript of the hearing which includes the findings and conclusions of the magistrate judge,  Filing Nos. 37 and 40, Exhibits 1, 2, and 3, Filing No. 26, and the relevant law.  The court agrees with the magistrate judge's recitation of the facts and application of the law and will only briefly summarize them in this memorandum and order.  The  court overrules the defendant's objections to the R&R, denies defendant's motion to dismiss, and adopts the report and recommendation of the magistrate judge in its entirety.

On or about January 5, 2006, the State of Nebraska charged the defendant with domestic assault in the third degree under Neb. Rev. Stat. § 28-323.  The initial complaint charged that defendant:  "unlawfully, did then and there being, intentionally and knowingly cause bodily injury to or place, by physical menace, his intimate partner, Lisa Kennedy, in fear of imminent bodily injury." Filing No. 26, Ex. 1.  On February 16, 2006, defendant appeared before the state court judge and entered a no contest plea to an amended

---

by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim

2

charge, by interlineation,[2] of attempted assault in the third degree pursuant to § 28-310. That statute states:

> (1) a person commits the offense of assault in the third degree if he:
>
> (a) intentionally, knowingly, or recklessly causes bodily injury to another person; or
>
> (b) threatens another in a menacing manner.
>
> (2) Assault in the third degree shall be a Class I misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it shall be a Class II misdemeanor.

Neb. Rev. Stat. § 28-310. Defendant argues that the state court judge failed to fully amend the complaint, as the court failed to strike the following language from the complaint: "[to] or place, by physical menace, his intimate partner, Lisa Kennedy, in fear of imminent bodily injury." This language, argues defendant, is not the same as that found in Neb. Rev. Stat. § 28-310(b).

Defendant argues that he pled no contest to his state court misdemeanor charge and did not agree to any factual findings or factual basis where he agreed to any use of force on his part. According to the defendant, agreeing to a factual basis would have placed defendant in subsection (a) as opposed to subsection (b) of the statute, and if the conviction is under subsection (b), defendant contends it cannot be a crime of domestic violence under 18 U.S.C. § 921(a)(33)(A)(I).

The magistrate judge reviewed the exhibits, Filing No. 26, and determined that Exhibit 1, the state criminal complaint against the defendant, refers to attempt to cause

---

[2]The word "domestic" was scratched through on the complaint and the word "attempt" added. Additionally, Section 323 was scratched through and replaced with 310. Next to Count I, "attempt to" was added. It also appears that "class #" or "Class II" with an additional word, possibly misdemeanor, was added below the caption.

bodily injury.  Further, the magistrate judge noted that in Exhibit 2 of the state court transcript at page 6, the state court judge stated:  "that you attempted to intentionally, knowingly cause bodily injury or place by physical menace in fear of imminent bodily injury, Lisa Kennedy."  Ex. 2, state court transcript, page 6; Tr. of Judge Thalken at Filing No. 40, page 6:8-11.  The magistrate judge noted that the state court judge then refers to the charge of attempted third-degree assault, discusses the possible penalty and punishment, and the defendant agrees he understands the charge and penalty.

Defendant argues that the magistrate judge erred, because the state court confused the language of the elements of Neb. Rev. Stat. §§ 310 and 323 and included language from § 323 which states "or placed by physical menace in fear of physical bodily injury Lisa Kennedy."  Filing No. 40, Tr. at 7:4-12.  Defendant argues that the state court is erroneous in including this as part of the offense.

The government argued that the warrant and affidavit clearly show an act of physical violence, and the defense counsel at the state court proceedings stipulated that the court take notice of the affidavit for a factual basis.  The defendant argues that no one asked him about the factual basis for the plea.  The magistrate judge found that the state court took judicial notice of the arrest warrant and affidavit.  The affidavit stated that defendant and Lisa Kennedy got into a verbal altercation and that he struck her twice in the face and bit her nose.  Further, the magistrate judge concluded that there is no requirement that the government prove a domestic relationship existed for purposes of this plea.  *United States v. Hayes,* 129 S. Ct. 1079, 1084-89 (2009) (existence of domestic relationship must be established beyond a reasonable doubt, but need not be an element of the predicate offense).  The magistrate judge found that this particular issue must be proved at trial.  The

4

magistrate judge concluded that the indictment sufficiently charged the defendant, that the conviction for attempted third-degree assault meets the definition of a misdemeanor crime of domestic violence under 18 U.S.C. § 921(a)(33)(A)(1), and recommended that this court deny the motion to dismiss.

This court agrees. The court notes that the amended state court complaint does not specify whether either (a) or (b) or both subsections apply. The court is also aware that defense counsel stated the defendant was pleading no contest and that the "State has agreed to amend CR06-15 to allege an attempted third degree assault with no domestic allegation." Filing No. 26, Ex. 3, Tr. 5:13-15, state court transcript. It is true that the complaint does not specify which subsection of § 28-323 defendant was originally charged or which subsection of § 28-310 the state ultimately charged defendant. Consequently, this court must look at "'written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant has assented.'" *United States v. Howell*, 531 F.3d 621, 623 (8th Cir. 2008) (*citing Shepard v. United States,* 544 U.S. 13, 16 (2005)). The court is aware that because this was a no-contest plea, the defendant did not specifically consent to any particular facts. However, counsel for the defendant agreed that the court could take judicial notice of both the affidavit and the warrant. The arrest warrant and affidavit make clear that the defendant bit and hit the victim. The state court judge made statements in the transcript regarding the facts as they related to attempted assault on Lisa Kennedy. The magistrate judge found these facts sufficient to deny defendant's motion to dismiss and to allow the government to proceed to trial and prove the facts and elements beyond a reasonable doubt. The court agrees. Accordingly, the court finds that for purposes of the motion to dismiss, this offense contained an element

of physical force as required under 18 U.S.C. § 921(a)(33)(A)(ii).  Accordingly, the court will deny defendant's motion to dismiss, and the burden will be on the government to prove its case beyond a reasonable doubt at trial.

    THEREFORE, IT IS ORDERED:

    1.  Defendant's motion to dismiss, Filing No. 23, is denied.

    2.  Defendant's objections, Filing No. 41, are overruled.

    3.   The report and recommendation of the magistrate judge, Filing Nos. 37 and 40, is adopted in its entirety.

    DATED this 14th day of May, 2009.

                                      BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Chief District Judge