IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                        )<br>                          Plaintiff,    )<br>                                                        )<br>           v.                                        )<br>                                                        )<br> DELROY FISCHER,                         )<br>                                                        )<br>                          Defendant.  )<br>_____)  | 8:08CR471<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the defendant's objections, Filing No. 70, to the report and recommendation ("R&R") of the magistrate judge, Filing Nos. 65 and 69, denying the defendant's motion to dismiss, Filing No. 61. The defendant is charged in Count I of the Superseding Indictment with being a felon in possession of a firearm, having previously committed "a misdemeanor crime of domestic violence, to wit: Attempted Assault in the Third Degree, a violation of § 28-310 and § 28-323 of the Revised Statutes of Nebraska," in violation of 18 U.S.C. § 922(g)(9) and 924(a)(2), and in Count II with forfeiture of the weapon referred to in Count I in violation of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Filing No. 29, Superseding Indictment. This Court previously ruled on a similar motion to dismiss, Filing No. 23, denied defendant's motion to dismiss, and adopted the report and recommendation of the magistrate judge, Filing Nos. 37 and 40. Filing No. 42 Thereafter, defendant obtained new counsel. Defendant has now filed this second motion to dismiss basically on the identical grounds as the first motion to dismiss.

      Under 28 U.S.C. § 636(b)(1), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has conducted a de novo

review of the record, including the transcript of the hearing which includes the findings and conclusions of the magistrate judge, the new exhibits and the relevant law. The court agrees with the magistrate judge's conclusions and incorporates the facts set forth in this Court's previous memorandum and order, Filing No. 42. The court overrules the defendant's objections to the R&R, denies defendant's motion to dismiss, and adopts the report and recommendation of the magistrate judge in its entirety.

Specifically, defendant now objects to the findings of the magistrate judge that the motion to dismiss be denied. Defendant contends that the government cannot prove the prior misdemeanor conviction is a "misdemeanor crime of domestic violence", and therefore, it cannot be used as a predicate conviction for the possession of a firearm allegation pursuant to 18 U.S.C. § § 922 (g)(9) and 924(a)(2). [1]

> [T]he term "misdemeanor crime of domestic violence" means an offense that --
>
> (i) is a misdemeanor under Federal or State law; and
>
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabitated with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A). Defendant again makes the same argument as in his previous motion to dismiss, namely, that Neb. Rev. Stat. § 28-310 allows a person to be guilty under

---

[1] Defendant specifically states that this motion has nothing to do with the existence or non-existence of a domestic relationship. The only argument presented by the defendant is whether the government can prove beyond a reasonable doubt the prior conviction constitutes a crime of domestic violence under 18 U.S.C. § 921(a)(33)(A). Filing No. 71, defendant's brief, at 3.

two theories: (1) causing bodily injury, or (2) threatening the victim in a menacing manner. The defendant, however, now has in his possession a copy of an order nunc pro tunc, decided after this Court's memorandum and order, Filing No. 42, wherein the state district court judge filed an order indicating that:

> 1. The defendant in this case pled to, and was convicted of, violating Neb. Rev. Stat. § 28-310, which does not require a finding of assault or attempted assault on an "intimate partner";
>
> 2. That the conviction in this case did not involve any factual findings that any domestic assault or attempted domestic assault occurred;
>
> 3. That insofar as the record in this case may involve allegations of domestic assault or attempted domestic assault, any and all allegations are hereby stricken from the record.

Filing No. 66, Exhibit 101, Court Order Nunc Pro Tunc, dated July 27, 2009.

The Court previously addressed the issue of whether there existed a sufficient factual basis for finding domestic violence and determined that the affidavit used as the factual basis for the plea was sufficient. Defense counsel specifically stipulated that the court could take notice of the arrest warrant affidavit as the factual basis for the plea. Filing No. 66, Ex. 102, 9:6-13. The affidavit clearly states that there is evidence that defendant struck the victim twice and bit her on the nose.

The magistrate heard the second motion to dismiss and again recommended that this Court deny it. Filing Nos. 65 and 69. The Court agrees with the magistrate judge. The Court may look at the written plea agreement, the plea colloquy, or factual findings made by the trial judge to which a defendant has agreed. *United States v. Howell*, 531 F.3d 621, 623 (8th Cir. 2008). In this particular case defense counsel referred to the affidavit as the factual basis and the court relied on the affidavit as the factual basis.

3

Defendant did not request any limitations on the acceptance of those facts. The factual basis clearly included acts of violence. The court also agrees with Magistrate Judge Thalken that the newly offered Buffalo County Court Order does not change the analysis used by this Court to review the predicate conviction. *See United States v. Hayes*, __ U.S. __, 129 S.Ct. 1079, 1087-88 (2009) (excluding generic use of force statutes which don't designate domestic relationships as an element would defeat the purpose of 18 U.S.C. § § 922(g)(9)).

Accordingly, the court finds that for purposes of the motion to dismiss, this offense contained an element of physical force as required under 18 U.S.C. § 921(a)(33)(A)(ii). Accordingly, the court will deny defendant's motion to dismiss, and the burden will be on the government to prove its case beyond a reasonable doubt at trial.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to dismiss, Filing No. 61, is denied.

2. Defendant's objections, Filing No. 70, are overruled.

3. The report and recommendation of the magistrate judge, Filing Nos. 65 and 69, is adopted in its entirety.

DATED this 14th day of December, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge