IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:08CR471 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DELROY FISCHER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the government's motion in limine, Filing No. 84, asking this court to exclude from trial any evidence regarding defendant's underlying conviction in state court. The defendant is charged in this court with being a felon in possession of a firearm, stemming from an altercation with his girlfriend in September 2008, that allegedly involved the use of a weapon. The court held a hearing on the motion in limine on April 16, 2010, and asked the parties to further brief the issue. The parties have now finished briefing and have set forth their respective positions. Filings No. 88 and 89.

The defendant filed two previous motions to dismiss concerning these identical matters. This court addressed the issues in two separate memorandum and orders and found in favor of the government on both occasions. Filing No. 42 and Filing No. 73. In summary, the court found that the defendant's underlying conviction in Buffalo County Court is a crime of domestic violence pursuant to 18 U.S.C. § 921(a)(33)(A)(ii). Filing No. 42 and Filing No. 73. After this court's first Memorandum and Order but before this court's second Memorandum and Order, the Buffalo County judge entered an order nunc pro tunc determining that the conviction did not include a finding of assault on an "intimate partner." Filing No. 66, Ex. 101. The court addressed that issue by referring to the plea colloquy,

the statements incorporated into the record from the police report,[1] the fact that the parties had a child together, and the fact that the state court victim had physical injuries. *See Shepard v. United States*, 544 U.S. 13 (2005) (reaffirming that in cases of guilty pleas courts were limited to examining "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information."). *Id.* at 26. The defendant again argues in response to the motion in limine that he is permitted to bring this issue to the jury for determination.

During the hearing on the motion in limine, the defendant added a due process allegation to his arguments. The defendant contends that a conviction that counts under 18 U.S.C. § 924(a)(2) requires an analysis of whether the offense has an element of physical force or threatened use of a deadly weapon. The defendant contends that an assault in the third degree does not constitute a misdemeanor crime of domestic violence as set forth in 18 U.S.C. § 921(a)(33)(A). The defendant argues that Neb. Rev. Stat. § 28-310 has no element of the offense relating to the use of force or physical contact. That statute states:

> (1) A person commits the offense of assault in the third degree if he:
>
>   (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or
>
>   (b) Threatens another in a menacing manner.
>
> (2) Assault in the third degree shall be a Class I misdemeanor. . . .

---

[1] The court is aware that under *Shepard,* and the cases that follow the *Shepard* reasoning, generally the police report and affidavits are not part of the factual basis used to determine if domestic violence and use of force occurred. However, in this particular case, the state court judge incorporated him into his findings, and defense counsel agreed with such findings.

Neb. Rev. Stat. § 28-310. The defendant also argues he had no knowledge that his possession of a firearm was prohibited. Since he did not have fair warning that his conduct was criminal, argues defendant, his due process rights are being violated.

The due process clause requires warning to citizens that their conduct is criminal. *See United States v. Lanier,* 520 U.S. 259, 265 (1997); *Lambert v. California,* 355 U.S. 225, 228 (1957). The government argues that due process has been met in this case, as defendant pled guilty to the Nebraska assault crime. However, the defendant argues that because the statute does not contain an element of physical violence, there is no notice or fair warning to the defendant that his crime would constitute a misdemeanor crime of domestic violence. Further, to the extent of any ambiguity in the statute, the defendant argues the ambiguity must be read to assure fair warning to the defendant. *Lanier,* 520 U.S. at 266.

The Eighth Circuit requires this court to make a legal determination as to whether the underlying conviction is a predicate misdemeanor for the charge in question. *United States v. Boaz,* 558 F.3d 800, 805 (8th Cir. 2009); *see, e.g., United States v. Stanko,* 491 F.3d 408, 412 (8th Cir. 2007). A court is sometimes required to determine whether there was a use of physical force when construing a generic statute. *United States v. Hayes,* 129 S. Ct. 1079, 1087 (2009); *see also, Johnson v. United States,* 130 S. Ct. 1265 (2010). This court points out to counsel that the Eighth Circuit has very recently stated:

> Amerson contends that his Nebraska conviction did not involve the "use or attempted use of physical force." See 18 U.S.C. § 921(a)(33)(A)(ii). "Under the categorical approach, when a statute dictates that the predicate offense have enumerated elements, this court must 'look only to the predicate offense rather than to the defendant's underlying acts to determine whether the required elements are present.'" *United States v. Howell,* 531 F.3d 621, 622 (8th Cir.2008), quoting *Smith,* 171 F.3d at 620. Because Nebraska

3

> Revised Statute § 28-323 reaches a broad range of conduct (including "intentionally and knowingly caus[ing] bodily injury"), this court may expand its inquiry to determine which part of the statute Amerson violated. *See Smith,* 171 F.3d at 620. "Where the defendant pled guilty to a predicate offense, this inquiry may include the written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Howell,* 531 F.3d at 623 (internal quotations omitted).
>
> During Amerson's plea hearing, the state judge adopted the factual recital that he and his girlfriend "got into an argument over the child and the defendant slapped her and pushed her head into the wall." Amerson repeatedly states he did not "assent to" or "confirm" this factual basis. But his counsel stated he had "no objection" after the recital of facts. Thus, he assented to factual findings that satisfy the force requirement of 18 U.S.C. § 921(a)(33)(A)(ii).

*United States v. Amerson*, 599 F.3d 854, 855 (8th Cir. 2010).[2] In *Amerson*, the defendant also argued that he had no knowledge that his state court conviction would create a possibility of a future firearm conviction. The *Amerson* court stated in this regard that "Courts do not have a general duty to inform defendants of specific, detailed consequences of their pleas." *Id.*[3]

The court finds that the recent *Amerson* case is dispositive as to the issues raised by the defendant. The court has reviewed the documents and transcript which served as the basis for the state court no-contest plea. The court also reviewed the county court's nunc pro tunc order (Filing No. 66, Ex. 101). This order attempts to strike from the record any factual basis concerning a domestic assault. It is silent concerning a finding of physical injury. It further makes no finding that the factual basis for the plea constitutes a

---

[2] The court realizes that the *Amerson* case dealt with Neb. Rev. Stat. § 28-323 which deals specifically with domestic assault. However, the analysis in *Amerson* concerning acts that reach a broad range of conduct are applicable to Neb. Rev. Stat. § 28-310 which also has generic, broad language.

[3] The court notes that Nebraska law now requires judges to inform a defendant that a misdemeanor conviction of domestic violence maybe be a violation of federal law for the individual with regard to firearm and ammunition possession. Neb. Rev. Stat. § 29-2291. That statute was not in effect at the time of this conviction.

4

threat merely made in a menacing manner. The only factual basis before the county court is the plea colloquy which substantiates a physical assault. The court finds Exhibit 101 provides no relevant evidence concerning the defendant's assaultive behavior. The factual basis for the no-contest plea is confirmed as stated in my two previous rulings. Filing No. 42 and Filing No. 73. In addition, the state court judge had no duty to inform the defendant of the possible consequences of his no-contest plea, including a potential conviction for a firearm violation. Accordingly, the court will grant the government's motion in limine and determine as a matter of law that defendant's previous state court conviction had an element of physical force as required by federal law. This issue will not be submitted to the jury.

THEREFORE, IT IS ORDERED that the government's motion in limine, Filing No. 84, is granted.

DATED this 14th day of May, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.